RE: INFORMAL OPINION REGARDING DUAL OFFICE HOLDING BY FULLTIME DEPUTY SHERIFF AND FULL-TIME MOTOR CARRIER ENFORCEMENT OFFICER.
THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR REQUEST IN WHICH YOU ASKED WHETHER 51 O.S. 6 (1991) PROHIBITS A PERSON FROM BEING BOTH A DEPUTY SHERIFF AND A MOTOR CARRIER ENFORCEMENT OFFICER. IN VIEW OF PREVIOUS ATTORNEY GENERAL OPINIONS CONCERNING DUAL OFFICE HOLDING, A FORMAL OPINION IS NOT NECESSARY. THE OPINION-BELOW IS SOLELY THAT OF THE UNDERSIGNED AND DOES NOT NECESSARILY REFLECT THE VIEWS OF THE ATTORNEY GENERAL.
AS YOU OBSERVED, 51 O.S. 6 GOVERNS THE SITUATION PRESENTED BY YOUR QUESTION. IT PROVIDES IN PERTINENT PART:
 "A. EXCEPT AS MAY BE OTHERWISE PROVIDED, NO PERSON HOLDING AN OFFICE UNDER THE LAWS OF THE STATE AND NO DEPUTY OF ANY OFFICER SO HOLDING ANY OFFICE, SHALL, DURING HIS TERM OF OFFICE, HOLD ANY OTHER OFFICE OR BE THE DEPUTY OF ANY OFFICER HOLDING ANY OFFICE, UNDER THE LAWS OF THE STATE."
THERE ARE CERTAIN EXCEPTIONS DEALING WITH LAW ENFORCEMENT OFFICERS. HOWEVER, THOSE EXCEPTIONS ARE EXTREMELY SPECIFIC (SEE 51 O.S. 6(4), REGARDING COUNTY AND MUNICIPAL LAW ENFORCEMENT OFFICERS; 51 O.S. 6(8), REGARDING LAW ENFORCEMENT OFFICERS AND SCHOOL BOARD OFFICIALS; AND 51 O.S. 6(11), REGARDING LAW ENFORCEMENT OFFICERS OPERATING UNDER AGREEMENTS WITH AN INDIAN TRIBE OR BRANCH OF THE (FEDERAL GOVERNMENT), AND ARE NOT IMPLICATED IN YOUR QUESTION.
THE DEFINITIVE QUESTION, THEN, IS WHETHER THE POSITION OF MOTOR CARRIER ENFORCEMENT OFFICER AND DEPUTY SHERIFF ARE BOTH OFFICES. PREVIOUS ATTORNEY GENERAL OPINIONS, CITED HEREIN, COMBINED WITH LAWS OF THE STATE OF OKLAHOMA, INDICATE THEY BOTH ARE.
IN OKLAHOMA CITY V. CENTURY INDEMNITY CO., 62 P.2D 94 (OKLA. 1936), THE OKLAHOMA SUPREME COURT STATED THE FOLLOWING WITH REGARD TO WHAT CONSTITUTES A PUBLIC OFFICE:
 "(A) THE SPECIFIC POSITION MUST BE CREATED OR AUTHORIZED BY LAW; (B) THERE MUST BE CERTAIN DEFINITE DUTIES IMPOSED BY LAW ON THE INCUMBENT; AND (C) THEY MUST INVOLVE THE EXERCISE OF SOME PORTION OF THE SOVEREIGN POWER, "A POSITION WHICH HAS THESE THREE ELEMENTS IS PRESUMABLY AN `OFFICE' WHILE ONE WHICH LACKS ANY OF THEM IS A MERE `EMPLOYMENT.' WINSOR V. HUNT, 29 ARIZ. 504, 243 P. 407, 413." 62 P.2D AT 97. SEE ALSO SPARKS V. BOARD OF LIBRARY TRUSTEES, 169 P.2D 201 (OKLA.1946) (OFFICER IS ONE VESTED WITH SOME PORTION OF THE FUNCTIONS OF THE GOVERNMENT TO BE EXERCISED FOR THE PUBLIC BENEFIT) (CITING FARLEY V. BOARD OF EDUCATION OF CITY OF PERRY, 162 P. 797)). THE OKLAHOMA COURT OF CRIMINAL APPEALS HAS ALSO ARTICULATED A TEST THAT IS GERMANE HERE:
 A PUBLIC OFFICE IS THE RIGHT, AUTHORITY AND DUTY CREATED AND CONFERRED BY LAW, BY WHICH FOR A GIVEN PERIOD, EITHER FIXED BY LAW, OR ENDURING AT THE PLEASURE OF THE CREATING POWER, AN INDIVIDUAL IS INVESTED WITH SOME PORTION OF THE SOVEREIGN FUNCTIONS OF THE GOVERNMENT, TO BE EXERCISED BY AND FOR THE BENEFIT OF THE PUBLIC. THE INDIVIDUAL SO INVESTED-IS A PUBLIC OFFICER.
"A PUBLIC OFFICER, AS DISTINGUISHED FROM AN EMPLOYEE, IS ONE WHOSE DUTIES ARE IN THEIR NATURE, PUBLIC, THAT IS, INVOLVING IN THEIR PERFORMANCE THE EXERCISE OF SOME PORTION OF THE SOVEREIGN POWER WHETHER GREAT OR SMALL, AND IN THE PERFORMANCE OF WHICH THE PUBLIC IS CONCERNED. WHERE AN EMPLOYMENT IS A CONTINUING ONE, WHICH IS DEFINED BY RULES PRESCRIBED BY LAW AND NOT BY CONTRACT, SUCH A CHARGE OR EMPLOYMENT IS AN OFFICE, AND THE PERSON WHO PERFORMS IT IS AN OFFICER.
STATE V. SOWARDS, 82 P.2D 324 (OKL.CR.1938) (SYLLABUS)."
THERE IS NO QUESTION THAT A DEPUTY SHERIFF IS A PUBLIC OFFICER, AS HE EXERCISES A PORTION OF THE SOVEREIGN POWER FOR THE BENEFIT OF THE PUBLIC IN A CONTINUING NATURE DEFINED BY LAW FOR A PERIOD THAT ENDURES AT THE PLEASURE OF THE CREATING POWER. GEE A. G. OPIN. NOS. 74-118, 78-171, AND 77-180. SEE ALSO 19 O.S. 510/19 O.S. 516/19 O.S. 547 (DEFINING DUTIES OF SHERIFF, UNDERSHERIFFS, AND DEPUTY SHERIFFS).
BY THE SAME RATIONALE, A MOTOR CARRIER ENFORCEMENT OFFICER IS ALSO A "PUBLIC OFFICER": HE, TOO, EXERCISES A PORTION OF THE SOVEREIGN POWER FOR THE BENEFIT OF THE PUBLIC IN A CONTINUING NATURE DEFINED BY LAW FOR A PERIOD THAT ENDURES AT THE PLEASURE OF THE CREATING POWER, THE CORPORATION COMMISSION. THE LEGISLATURE HAS ALSO DECLARED MOTOR CARRIER ENFORCEMENT OFFICERS TO BE "PEACE OFFICERS OF THIS STATE." 47 O.S. 172(D) (1991) SEE ALSO BY ANALOGY A. G. OPIN. NOS. 74-118, 78-171, AND 77-180, WHICH ADDRESS DEPUTIES IN THEIR STATUTORY CAPACITIES AS PEACE OFFICERS.
IN SUMMARY, THE POSITIONS OF BOTH DEPUTY SHERIFF AND MOTOR CARRIER ENFORCEMENT OFFICERS ARE "OFFICES" UNDER 51 O.S. 6. CONSEQUENTLY, AN INDIVIDUAL CANNOT HOLD BOTH OFFICES. THIS OFFICE HAS CONSISTENTLY RULED THAT THE LANGUAGE OF 6 CONSTITUTES AN EXPRESS PROHIBITION ON DUAL OFFICE HOLDING EXCEPT AS MAY OTHERWISE BE PROVIDED BY LAW. A. G. OPIN. NO. 77-180 AND EXAMPLES CITED THEREIN. THERE IS NO EXCEPTION COVERING EITHER OF THE OFFICES INVOLVED HERE.
(DAN CONNALLY)